FILED ——— ——— ENTERED
——— LOGGED ——— RECEIVED

AUG 5 2014

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | Case No. 13-po-2937 |
| v. | * | |
| | * | |
| | * | |
| KEVIN A. HENSON, | * | |
| | * | |
| | * | |
| Defendant | * | |
| | ************ | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 38) and the Government's Response (ECF No. 39). Defendant did not file a reply within the time prescribed by L.R. 105.2.a, 207, and Fed. R. Crim. P. 45(c). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

On December 28, 2012, following a traffic stop by United States Park Police ("USPP") Officer Whiteman on the Baltimore-Washington Parkway, Defendant was charged with, among other offenses, driving under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1). ECF No. 4. On April 5, 2013, Defendant initially appeared before this Court, which set the trial for June 24, 2013. On June 24, 2013, the Court granted Defendant's request to continue the matter in order to file a motion to suppress blood-test evidence in light of *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). The hearing on the motion to suppress was set for August 26, 2013.

On July 11, 2013, Defendant filed a "Supplemental Motion to Suppress,"[1] which the Government opposed.   On August 23, 2013, the Court telephonically informed Defendant's counsel that the Court had removed the hearing on the motion from the Court's August 26 calendar.  The hearing on the motion then was rescheduled to September 30, 2013.

On September 30, 2013, Officer Whiteman was not present in court because he was on leave.  The Court granted the Government's request for a continuance over the objection of Defendant's counsel, who raised concern about his client's right to a speedy trial, and rescheduled the motion hearing for November 25, 2013.   On November 25, 2013, Officer Whiteman was unavailable in court because of a medical emergency, so the Court continued the hearing to February 3, 2014, over Defendant's explicit objection on speedy-trial grounds.

On February 3, 2014, the Court overruled Defendant's renewed objection on speedy-trial grounds.  The Court then held a hearing on Defendant's Motion to Suppress, which the Court granted.  At the conclusion of the hearing, the Assistant United States Attorney indicated she would seek approval from her office to file an interlocutory appeal.  The Court thus did not proceed with trial, so Defendant again objected on speedy-trial grounds.

On February 4, 2014, the Government appealed under Fed. R. Crim. P. 58(g)(2)(A) and 18 U.S.C. § 3731.  Defendant did not file a brief as Appellee.  The Honorable United States District Judge Paul W. Grimm reversed the undersigned's suppression of the blood-draw evidence and remanded for further proceedings.  *United States v. Henson*, Criminal No. PWG-14-0054 (D. Md. filed May 16, 2014) (incorporating by reference *United States v. Brooks*, Criminal No. PWG-14-0053, 2014 WL 2042028 (D. Md. May 16, 2014)).  On May 19, 2014, the Court set the matter for trial on July 14, 2014.

---

[1] The Clerk of Court earlier had rejected Defendant's attempt to file a paper version of his Motion to Suppress.

On June 25, 2014, the Government requested the Court to advance the trial date to June 30, 2014, because Officer Whiteman was on leave and unavailable on July 14. Defendant's counsel informed the Court of his objection because he was not prepared to try this matter on June 30. The Court accordingly rescheduled the matter for the next available trial date of August 11, 2014. On July 4, 2014, Defendant filed the present Motion to Dismiss.

**DISCUSSION**

As the Government points out, because Defendant's alleged offenses are Class B misdemeanors, the provisions of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, do not apply. *See* 18 U.S.C. §§ 3172(2), 3559(a)(7), 3581(b)(7); 36 C.F.R. § 1.3(a). Rather, the Court analyzes Defendant's claim of a violation of his right to a speedy trial under the Sixth Amendment, which provides, in relevant part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "To establish a violation of this constitutional guarantee, a defendant first must show that the Amendment's protections have been activated by an 'arrest, indictment, or other official accusation.'" *United States v. Burgess*, 684 F.3d 445, 451 (4th Cir.) (quoting *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005)), *cert. denied*, 133 S. Ct. 490 (2012). When the Sixth Amendment's protections have been activated by a qualifying event, the Court employs the four-part balancing test as delineated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972). *Id.*; *see Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992); *United States v. MacDonald*, 456 U.S. 1, 102 S. Ct. 1497 (1982). The four factors the Court considers are

(1)    whether the delay before trial was uncommonly long;

(2)    whether the Government or Defendant is more to blame for that delay;

(3)    whether, in due course, Defendant asserted his right to a speedy trial; and

3

(4)   whether he suffered prejudice from the delay.

*Burgess*, 684 F.3d at 451 (citing *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011)).  To prevail on his speedy-trial claim, Defendant is obliged to establish that, on balance, the four separate factors weigh in his favor.  *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (citing *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

Defendant maintains that "a fair and impartial consideration of these factors can only lead to the conclusion that [his] insistence on a trial yielded a disregard for his Sixth Amendment right to a speedy trial."  Def.'s Mot. Dismiss 3, ECF No. 38.  "At each turn, the Defendant asserted his demand for a speedy trial and explained that the lengthy delay created great anxiety, as well as the strain in re-preparing his defense on multiple occasions."  *Id.*  The Court turns to a consideration of the four factors.

**A.   Length of Delay**

"The duration of the delay, in addition to being a factor in this test, also is a threshold requirement because the defendant must establish that the length of the delay is at least presumptively prejudicial."  *Burgess*, 684 F.3d at 451 (citing *Doggett*, 505 U.S. at 651-52, 112 S. Ct. at 2690-91).  "If the delay is not uncommonly long, the inquiry ends there."  *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (citing *Doggett*, 505 U.S. at 652, 112 S. Ct. at 2690-91).  Although "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge," *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192, a one-year delay is generally treated as presumptively prejudicial. *Shealey*, 641 F.3d at 634 (citing *Thomas*, 55 F.3d at 149).  However, "a postaccusation delay as short as eight months may qualify as presumptively prejudicial in cases of limited complexity."  *Burgess*, 684 F.3d at 452 (citing *Woolfolk*, 399 F.3d at 598).  "[I]n this threshold context, 'presumptive prejudice' does not

4

necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1. The Court then "must weigh 'the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Hall*, 551 F.3d at 271 (quoting *Doggett*, 505 U.S. at 652, 112 S. Ct. at 2691).

Here, the Government concedes that the period of delay in this case compels the Court to assess the other factors to determine whether there has been a constitutional deprivation. *See Hall*, 551 F.3d at 272 (determining that two-year period of delay justified further speedy-trial analysis).

**B.     Reasons for Delay**

"The reasons for a trial delay should be characterized as either valid, improper, or neutral. On this factor, a reviewing court must carefully examine several issues, specifically focusing on the intent of the prosecution." *Id.* (citation omitted). "For example, a deliberate attempt by the prosecution to delay the trial of an accused would weigh heavily against the government, although a valid reason for delay, such as a missing witness, may be justified." *Id.*

In this case, Defendant points to no "prosecutorial misconduct or bad intent on the part of the government." *Id.*   Rather, he argues that the delay caused by Officer Whiteman's unavailability due to either annual leave or sick leave "has been the reason for [a] delay [of] a total of 210 days." Def.'s Mot. Dismiss 3, ECF No. 38. The Court finds, however, that the unavailability of Officer Whiteman was a valid reason for delaying trial. *See Grimmond*, 137 F.3d at 828.

Defendant further maintains that the delay caused by the Government's interlocutory appeal in this case was "a violation of [his] right to a speedy trial, particularly since the blood

test was merely cumulative evidence," and that the appeal was "of dubious importance to the case at bar." Def.'s Mot. Dismiss 2, 3, ECF No. 38. However, "an interlocutory appeal by the Government ordinarily is a valid reason that justifies delay." *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S. Ct. 648, 656 (1986). "In assessing the purpose and reasonableness of such an appeal, courts may consider several factors. These include the strength of the Government's position on the appealed issue, the importance of the issue in the posture of the case, and—in some cases—the seriousness of the crime." *Id.*

Here, the issue on appeal was neither "tangential" nor "frivolous." *Id.* at 316, 106 S. Ct. at 656. Rather, the Government argued in its appeal that the good-faith exception to the exclusionary rule excused the failure of the USPP at the time of Defendant's arrest to obtain a warrant for a blood draw from Defendant. While the Government's appeal was pending, the validity of its position was supported by *United States v. Lechliter*, __ F. Supp. 2d __, Criminal Case No. DKC 13-0715, 2014 WL 722286, at *6-8 (D. Md. Feb. 25, 2014) (determining that good-faith exception applied when USPP obtained warrantless, nonconsensual blood test incident to defendant's arrest before *McNeely* for driving under influence of alcohol). In short, the Government's interlocutory appeal in this case was a valid reason for delay. *See Loud Hawk*, 474 U.S. at 315, 106 S. Ct. at 656. For these reasons, the Court finds that this factor weighs in favor of the Government.

**C.     Defendant's Assertion of Right to Speedy Trial**

> Failure to assert the right to a speedy trial, and even the explicit waiver of that right, is not dispositive of a Sixth Amendment speedy-trial claim, but it is a factor in determining whether the defendant's speedy-trial right has been violated, and "the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."

*Thomas*, 55 F.3d at 150 (citations omitted).  Although the Government maintains that Defendant for the first time asserts his right to a speedy trial in his Motion to Dismiss, the Court's review of the audio record in this case indicates that Defendant's counsel first raised concern about his client's speedy-trial right in court on September 30, 2013.  On November 25, 2013, Defendant's counsel explicitly objected to further continuance on speedy-trial grounds, which Defendant again raised on February 3, 2014.  Accordingly, the third factor weighs in Defendant's favor.

**D.      Prejudice to Defendant**

"[A] prime determinant of a violation is whether the delay prejudiced the defendant's ability to prepare a defense." *United States v. Roper*, 716 F.2d 611, 614 (4th Cir. 1983) (citing *Barker*, 407 U.S. at 530, 532, 92 S. Ct. at 2191, 2192).  When considering the delay's adverse impact on the defense, the Court considers (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired.  *Hall*, 551 F.3d at 272 (citing *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193); *see Grimmond*, 137 F.3d at 829.  "Of these, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Grimmond*, 137 F.3d at 829-30 (quoting *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193).

In this case, Defendant has not been incarcerated while awaiting trial.  Further, although Defendant now maintains that "the lengthy delay [has] created great anxiety," he has not identified "any restraint on liberty, disruption of employment, strain on financial resources, [or] exposure to public obloquy that was greater than that faced by anyone openly subject to criminal investigation." *Hall*, 551 F.3d at 272 (alteration in original) (quoting *MacDonald*, 456 U.S. at 9, 102 S. Ct. at 1502) (internal quotation marks omitted).

7

Defendant asserts, however, that "the strain in re-preparing his defense on multiple occasions" warrants the dismissal of this case with prejudice. Def.'s Mot. Dismiss 3-4, ECF No. 38. He cites Officer Whiteman's unavailability due to either annual leave or sick leave causing the delay from July to August 2013, from September 2013 to February 2014, and from July to August 2014. Defendant has neither identified any witness that would be unavailable as a result of the delay to August 11 nor alleged that any witness would be unable to recall accurately the events in question, however. He has neither contended that any exculpatory evidence would be lost nor identified any evidence that would be unavailable because of the delay. Defendant accordingly has not presented any evidence of impairment of his defense because of the delay. *See Grimmond*, 137 F.3d at 830; *see also United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002) (defendant did not show that any evidence was damaged or lost, witnesses could not be found, or that his case was harmed in any manner by delay); *United States v. Reavis*, 48 F.3d 763, 770 n.2 (4th Cir. 1995) (defendant's inability to demonstrate that delay impaired ability to mount defense was among four factors leading to conclusion that delay between indictment and trial did not constitute denial of right to speedy trial).

In sum, although the delay in this case is uncommonly long and Defendant previously asserted his right to a speedy trial, the reasons for the delay are valid, and Defendant has not shown prejudice from the delay. In light of these four factors, the Court concludes that, on balance, Defendant's Sixth Amendment right to a speedy trial has not been violated.

## CONCLUSION

Defendant has not shown that, on balance, the four factors discussed above in considering

his claim of a violation of his Sixth Amendment right to a speedy trial weigh in his favor.

Accordingly, Defendant's Motion to Dismiss (ECF No. 38) is **DENIED**.[2]


Date: August 4, 2014                                        /s/
                                                _____
                                                Thomas M. DiGirolamo
                                                United States Magistrate Judge

---

[2] Defendant maintains that the Court's continuance of the trial from July 14 to August 11, 2014, because of Officer Whiteman's unavailability violated his right to due process under the Fifth Amendment, his right to a public hearing on a substantive legal issue under the Sixth Amendment, and Canon 3A(4) of the Code of Conduct for United States Judges. Def.'s Mot. Dismiss 2, ECF No. 38. However, "trial courts must be accorded wide discretion in deciding whether to grant continuances, notwithstanding that constitutional rights may be implicated." *Sampley v. Att'y Gen. of N.C.*, 786 F.2d 610, 613 (4th Cir. 1986) (citing *Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616 (1983); *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849 (1964)); *cf. Hill v. Ozmint*, 339 F.3d 187, 196 (4th Cir. 2003) (considering defendant's contention that court violated Constitution by refusing to grant continuance and stating that "a trial court is not entitled to deny a continuance because of a 'myopic insistence upon expeditiousness in the face of a justifiable request for delay'" (quoting *Ungar*, 376 U.S. at 589, 84 S. Ct. at 849)). After the Government filed its motion to advance the trial date to June 30 in order to expedite trial, Defendant's counsel informed the Court's staff telephonically of his objection to the Government's request and to the postponement of the trial to the next available date after July 14. The Court thus already was aware of Defendant's position when it continued the trial in advance of the due date for Defendant's written opposition under L.R. 105.2.a and 207. Although Defendant now complains that his constitutional rights were violated because he was not afforded the opportunity to oppose in writing the Government's motion, he filed the present Motion to Dismiss on July 4, 2014, and, therefore, does not demonstrate actual prejudice.